NOTICE
Decision filed 07/12/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200370-U

NO. 5-20-0370

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| MARK BENNETT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Shelby County. |
| | ) | |
| v. | ) | No. 20-MR-35 |
| | ) | |
| SHELBY COUNTY BOARD, EDWARD FLYNN, and | ) | |
| FEATHERSTUN, GAUMER, STOCKS, FLYNN AND | ) | |
| ECK, LLP, | ) | Honorable |
| | ) | Kimberly G. Koester, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court correctly entered summary judgment in favor of the defendants on a taxpayer's complaint seeking a declaratory judgment that a county's contract with a law firm to perform legal services for collective bargaining matters was invalid where law firm submitted the uncontroverted affidavit of the state's attorney for the county, who attested that she appointed a member of the law firm to act as a special assistant's state's attorney pursuant to section 4-2003(b) of the Illinois Counties Code. 55 ILCS 5/4-2003(b) (West 2018).

¶ 2    Mark Bennett, who is a taxpayer, appeals the October 30, 2020, order of the circuit court of Shelby County, which granted summary judgment in favor of the defendant, Featherstun, Gaumer, Stocks, Flynn and Eck, LLP (the Firm), on Mr. Bennett's complaint requesting a declaratory judgment that the Shelby County Board (County Board) exceeded its authority when

it hired Mr. Flynn, who is a member of the Firm, to perform legal services for Shelby County (the County). For the following reasons, we affirm.

¶ 3                                        BACKGROUND

¶ 4        On June 9, 2020, Mr. Bennett, as a taxpayer, filed a complaint for a declaratory judgment in the circuit court of Shelby County, naming the County Board, as well as Mr. Flynn and the Firm, as defendants. According to Mr. Bennett's complaint, the County Board hired Mr. Flynn to perform legal services in 2014, but the contract was invalid because legal work for the County was required to be performed by the state's attorney. In addition, Mr. Bennett asserted that any contract for work performed by Mr. Flynn after 2014 is void *ab initio* because there was no resolution by the County Board authorizing such work. Mr. Bennett requested the court declare the 2014 resolution for hiring Mr. Flynn exceeded the County Board's authority, that any contract between the County and Mr. Flynn or the Firm is void, and that *quantum meruit* does not allow for the payment of taxpayer funds to the Firm.[1]

¶ 5        On July 13, 2020, the Firm filed a motion for summary judgment. According to the motion, the Firm was entitled to summary judgment because for all the dates in 2019 and 2020 for which the Firm requested payment, the state's attorney for the County requested and approved Mr. Flynn's services. The Firm attached the affidavit of Gina Vonderheide to the motion, who averred that she had been the duly elected state's attorney for the County for over six years. In her affidavit,

_____

[1]Mr. Bennett's case was consolidated in the circuit court for the purposes of hearing with one brought by the Firm against the County and its treasurer, Erica Firnhaber, seeking to recover the amounts of unpaid legal bills for Mr. Flynn's work for the County on collective bargaining matters in 2019 and 2020. That case was docketed as 20-LM-22 and is the subject of a separate appeal, brought by Erica Firnhaber, as treasurer of the County, which is docketed in this court as 5-20-0387, and will be addressed by separate order. In addition, Mr. Bennett filed a notice of appeal from the judgment entered in that case, which was docketed in this court as 5-20-0371 and is being dismissed for a lack of standing to appeal by separate summary order, entered pursuant to Illinois Supreme Court Rule 23(c)(2) (eff. Jan. 1, 2021).

Ms. Vonderheide declared that she and her only assistant state's attorney do not have experience with negotiating collective bargaining contracts, employment law, and/or personnel matters. For this reason, Ms. Vonderheide, in her discretion, appointed Mr. Flynn and the Firm as special assistant state's attorneys to represent the County on such matters, including a "recent" labor arbitration with the Fraternal Order of Police for the County deputies, corrections, dispatch, secretaries, and bookkeepers. According to the affidavit, Erica Firnhaber, who is treasurer for the County, has refused to pay the bills for these services despite the County Board's approval of them.

¶ 6　　In response to the Firm's motion for summary judgment, Mr. Bennett submitted the minutes of the County Board meeting that took place on March 12, 2014. During that meeting, the County Board approved the hiring of Mr. Flynn to represent the County for labor relations for fiscal year 2014-2015 at a rate of $150 per hour. Second, Mr. Bennett submitted correspondence from Ms. Vonderheide to the Opinions Bureau of the Illinois Attorney General, in which she requested an opinion as to whether Mr. Flynn's work for the County after fiscal year 2014-2015 conformed with law. Third, Mr. Bennett submitted an email from Ms. Vonderheide to Ms. Firnhaber in which Ms. Vonderheide implored Ms. Firnhaber to pay the Firm's legal bills and asked if Ms. Firnhaber would pay those bills if Ms. Vonderheide could get a declaratory judgment retroactively declaring Mr. Flynn's status as a special assistant state's attorney from 2014. Fourth, Mr. Bennett submitted a memo from Ms. Vonderheide to Ms. Firnhaber in which Ms. Vonderheide communicated her legal opinion that even if any contract between the County and Mr. Flynn were invalidated, the County would be liable to the Firm based on *quantum meruit*.

¶ 7　　The circuit court held a hearing on the Firm's motion for summary judgment on October 30, 2020. At that hearing, counsel for Mr. Bennett advised the circuit court that Mr. Bennett's claim for declaratory relief was limited to seeking a declaration that the outstanding indebtedness

3

that formed the basis for the Firm's complaint in 20-LM-22 was invalid. Based on this clarification, the circuit court consolidated the cases for purposes of hearing. After hearing argument from counsel, the circuit court ruled from the bench that it would grant the Firm's motion for summary judgment. Thereafter, the circuit court, by docket entry, entered summary judgment in favor of Mr. Flynn, the Firm, and the County on Mr. Bennett's complaint, and Mr. Bennett filed a notice of appeal from the circuit court's judgment.

¶ 8                                    ANALYSIS

¶ 9     We begin our analysis with the well-established standards governing our review of orders granting a motion for summary judgment:

>    "Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2002); [citations]. The standard of review for the entry of summary judgment is *de novo.* [Citation.] We may affirm a grant of summary judgment on any basis appearing in the record, regardless of whether the lower courts relied upon that ground. [Citations.]" *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 10    Here, Mr. Bennett requested that the circuit court enter a declaratory judgment that the contract by which the County agreed to pay Mr. Flynn for legal services in 2019 and 2020 is invalid. As the governing body of the county, the County Board is empowered by section 5-1005 of the Counties Code (55 ILCS 5/5-1005 (West 2018)) to enter into contracts "in relation to the *** concerns of the county necessary to the exercise of its corporate powers," and the uncontroverted affidavit of Ms. Vonderheide attests that the County Board approved payment of

4

the bills. Mr. Bennett does not contest that there was a contract between Mr. Flynn and the County for the services at issue but rather argues that the contract is illegal because the County did not have the authority to enter into such a contract in 2014, when Mr. Flynn first provided legal services to the County. However, the issue in the case at bar is whether there was a valid contract between the County and Flynn to provide the legal services in 2019 and 2020, when the legal services at issue were rendered, as Mr. Bennett stipulated at the hearing that he was only seeking a declaration that the contract for the 2019 and 2020 legal services that was the subject of 20-LM-22 was invalid. However, whether we consider Mr. Flynn's legal services in 2014, or 2019 and 2020, we find no illegality.

¶ 11    The uncontroverted evidence in the record is that Ms. Vonderheide, as state's attorney for the County, appointed Mr. Flynn to provide legal services in connection with labor negotiations on behalf of the County since 2014, which Ms. Vonderheide determined to be in the public interest. Pursuant to section 4-2003(b) of the Counties Code (55 ILCS 5/4-2003(b) (West 2018)), "[t]he State's Attorney may appoint qualified attorneys to assist as Special Assistant State's Attorneys when the public interest so requires." While this section of the Counties Code did not go into effect until January 1, 2019, the legislative history of this provision makes clear that the legislature intended to codify "something that state's attorneys can already do around the state which is to appoint the special counsel to assist with complex litigation." 100th Ill. Gen. Assem., House Proceedings, May 31, 2018, at 182 (statements of Representative Mitchell). Accordingly, we find that Ms. Vonderheide had the discretion to appoint Mr. Flynn as special counsel for the County in 2014, as well as 2019 and 2020, when the legal services at issue were performed. Whether she did so with the prior recommendation of the County Board, or with its subsequent approval, is of no relevance to the legality of her appointment. Further, we agree with the circuit court that neither

5

the Counties Code, nor any other provision of law, requires the appointment of a special assistant state's attorney to be memorialized in writing, nor does it require any particular appointment procedure. For these reasons, we affirm the circuit court's order granting the Firm's motion for summary judgment.

¶ 12                                    CONCLUSION

¶ 13    For the foregoing reasons, we affirm the October 30, 2020, order of the circuit court of Shelby County, which entered judgment in favor of the Firm on Mr. Bennett's complaint for a declaratory judgment.

¶ 14    Affirmed.

6